**ADCOR REALTY, et al., Respondents,**

v.

**STATE TAX COMMISSION of Missouri, et al., Appellants.**

No. 62945.

Supreme Court of Missouri, En Banc.

Feb. 9, 1982.

Thomas W. Wehrle, County Counselor, Karen C. Moculeski, Asst. County Counselor, Clayton, for appellants.

Samuel C. Ebling, Steven L. Leonard, St. Louis, for respondents.

RENDLEN, Judge.

Three taxpayers, alleging improper assessment of their properties in 1977 at the hand of the St. Louis County Assessor, appealed to the County Board of Equalization. § 137.385, RSMo 1969. Denied relief, they next appealed (as provided in § 138.430, RSMo 1969) to the State Tax Commission. They failed, however, to commence suit against the Collector in the Circuit Court of St. Louis County as they were required by § 139.031.2, RSMo Supp.1975, to do within 90 days after filing their protests. Thereafter, the St. Louis County Assessor moved the Commission to dismiss the appeals, asserting that the taxpayers' noncompliance with § 139.031.2, voided their protests.[1] The Commission dismissed their actions and from those orders the taxpayers petitioned for review in the Circuit Court of St. Louis County, § 138.470.4, RSMo 1969,[2] where the actions were consolidated. The court, reversing the Commission, remanded with directions to reinstate and consider the appeals. From that judgment, the Commission has appealed raising a question involving construction of the revenue laws, § 139.031, RSMo Supp.1975, which brings the cause within this Court's exclusive jurisdiction. Art. V, § 3, Mo.Const.

No decision had been reached on their claims before the Commission prior to December 31, 1977, hence, the taxpayers paid the assessments under protest pursuant to § 139.031, RSMo Supp.1975. These protests triggered the 90 day period for filing suits in the Circuit Court against the Collector to maintain impoundment of the protested taxes. Such suits provide the basis and are a prerequisite for ultimate orders "to refund to the taxpayer all or any part of the taxes paid under protest or to authorize the collector to release and disburse all or any part of the impounded taxes ..." § 139.-031.3. Because the prescribed procedure had not been followed, the Assessor, as noted above, moved the Commission to dismiss, asserting that the taxpayers' failure not only rendered the *protests void*, but required the Collector to disburse the impounded funds. The Assessor argued further that disbursement barred recovery of the taxes paid, though it might subsequently be determined the assessments were improper, accordingly, the appeals were mooted. On dismissal of the claims, the taxpayers filed their petitions for review (§§ 138.-470 and 536.100 et seq., RSMo 1969) to the Circuit Court contending that noncompliance with § 139.031.2 did not moot the actions before the Commission because the statutory scheme established by § 139.031, including filing suit within 90 days in the Circuit Court, is not the exclusive avenue available in such cases and that the Legislature did not intend the elimination of existing common law remedies. The Circuit Court, responding to these arguments, remanded to the Commission with instructions to reinstate and hear the taxpayers' appeals, apparently under a theory that the Commission should determine the claims in the framework of the "common law". We reverse.

---

1. Section 139.031.2, RSMo Supp.1975, provides in pertinent part:

   Every taxpayer protesting the payment of taxes, within ninety days after filing his protest, shall commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time herein prescribed, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, as hereinabove provided.

2. Section 138.470.4, RSMo 1969, is as follows:

   The action of the commission, or member or agent thereof, when done as provided in this section, shall be final, subject, however, to review in the manner provided in sections 536.100 to 536.140, RSMo, except that the venue of proceedings for review involving the assessment of real property is in the county where the real property is situated.

Harmonizing § 139.031 with the administrative assessment appeal process, this Court in *Xerox Corp. v. Travers*, 529 S.W.2d 418 (Mo.banc 1975), described the procedure for recovering taxes paid under protest as follows:

(1) Any taxpayer desiring to pay taxes under protest (under 139.031), and to avail himself of the benefits thereunder, shall file his statement with the collector at the time of paying such taxes.

(2) *Within ninety days after filing his protest, he shall commence an action against the collector in the circuit court of the county in which the collector maintains his office.* If he does not, the collector should disburse the impounded funds.

(3) If he appeals to the State Tax Commission, he may notify the collector of such appeal and may file in the circuit court of the county in which the collector maintains his office a notification of such appeal. If he makes and files such notifications, the proceedings pending in the circuit court of the county in which the collector maintains his office shall be stayed until the proceedings before the State Tax Commission and judicial review, if any, are finalized.

(4) The collector should not disburse the impounded funds until all proceedings in the circuit court of the county in which he maintains his office are finalized. (Emphasis added). *Id.* at 422.

It has been held a number of times by this Court that the statutory sections providing the tax appeal procedure must be meticulously followed. *Boyd-Richardson Co. v. Leachman*, 615 S.W.2d 46· (Mo.banc 1981); *National Investment Corp. v. Leachman*, 613 S.W.2d 634 (Mo.banc 1981); *Metal Form Corp. v. Leachman*, 599 S.W.2d 922 (Mo.banc 1980); *Horizons West Properties v. Leachman*, 548 S.W.2d 550 (Mo.banc 1977). Consistent with these holdings, a taxpayer seeking refund of taxes paid under protest, in an action contesting the validity of a tax or its assessment, must conform to the procedures established by § 139.031.[3]

The funds have long since been disbursed and taxpayers' inability to recover their taxes paid under protest because of noncompliance with the statutory procedure renders their pending appeals before the State Tax Commission moot.[4] *See, State ex rel. Myers v. Shinnick*, 19 S.W.2d 676, 678 (Mo.1929); *Lawyers' Assn. of St. Louis v. City of St. Louis*, 294 S.W.2d 676, 680 (Mo. App.1956). The trial court erred in reversing the State Tax Commission's order dismissing the taxpayers' appeals challenging assessment.

The cause is reversed and remanded for entry of judgment affirming the actions of the State Tax Commission dismissing the appeals.

All concur.

---

**3.** It is of interest to note House Bill No. 1211, currently pending in the House of Representatives this Session, would undertake to change the procedure provided in current § 139.031.2.

**4.** Because each tax year is treated separately for purposes of assessment and is considered a separate transaction giving rise to a separate cause of action, decisions by the State Tax Commission upon the merits of a taxpayer's appeal have no affect on the tax assessment for any other year. Sections 137.115, 137.080, RSMo 1969; *Cupples-Hesse Corp. v. Bannister*, 322 S.W.2d 817, 823 (Mo.1959).