**STOUT INDUSTRIES, INC., et al., Appellants,**

v.

**George C. LEACHMAN, Collector of Revenue of St. Louis County, Missouri, Respondent.**

**Nos. 49638, 49639.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 8, 1985.

Fordyce & Mayne, P.C., James D. Eckhoff, Gary L. Vincent, St. Louis, for appellants.

Thomas W. Wehrle, County Counselor, and Dennis C. Affolter, Asst. County Counselor, Clayton, for respondent.

CRANDALL, Presiding Judge.

These are consolidated appeals arising out of payment under protest by plaintiffs, Stout Industries, et al., of their 1979 and 1980 merchants' and manufacturers' taxes. The taxes were paid in 1979 and 1980 to defendant, St. Louis County Collector of Revenue. Each payment was accompanied by a protest letter as required by § 139.-031.1, RSMo (1978).[1] Timely petitions were filed in 1980 and 1981 in the circuit court seeking recovery of the amounts paid. The defendant filed a motion to dismiss both petitions for failure to state a claim upon which relief may be granted. The trial court sustained the motion and ordered both petitions dismissed with prejudice. We affirm.

Preliminarily, we note that the question presented in this appeal has been resolved by prior decisions of the Missouri Supreme Court. *See Sperry Corp. v. Wiles,* 695 S.W.2d 471 (Mo. banc 1985); *Westglen Village Associates v. Leachman,* 654 S.W.2d 897 (Mo. banc 1983); *C & D Investment Co. v. Bestor,* 624 S.W.2d 835 (Mo. banc 1981). Since the present case, then, involves the application of revenue laws already authoritatively construed, we determine that jurisdiction is properly vested in this court. *A.P. Green Refractories v. State Tax Com'n,* 621 S.W.2d 340, 345 (Mo. App.1981). We review the dismissal of the petition with prejudice to determine if, under the facts established, the defendant was entitled to such a judgment as a matter of law. *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343 (Mo. banc 1981).

Plaintiffs raise four points on appeal, all of which challenge the constitutionality of the merchants' and manufacturers' tax. §§ 150.040, 150.050, 150.090, and §§ 150.-310, 150.320 and 150.350, RSMo (1978). Yet, the crux of plaintiffs' argument in their brief, if not necessarily in their protest letters,[2] is not limited to an attack on the constitutionality of these taxing statutes. Rather, both in their 1979 and 1980 protest letters and in their brief, they argue that the merchants' and manufactur-

---

1. Section 139.031.1 reads:

   Any taxpayer may protest all or any part of any taxes assessed against him, except taxes collected by the director of revenue of Missouri. Any such taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based, and shall further cite any law, statute, or facts on which he relies in protesting the whole or any part of such taxes.

2. *Metal Form Corp. v. Leachman,* 599 S.W.2d 922 (Mo. banc 1980), and *Boyd-Richardson Co. v. Leachman,* 615 S.W.2d 46 (Mo. banc 1981) set forth the stringent requirements for a protest letter which is incorporated into the pleading in an action to recover taxes paid under protest under § 139.031, RSMo (1978). *Compare* § 139.031, RSMo (Supp.1983) which seems to lessen the strict requirements. In view of our holding, we need not decide whether plaintiffs met the specificity required by § 139.031, RSMo (1978).

ers' tax *as assessed and collected* violates Art. X, §§ 3, 4, and 6 of the Constitution of Missouri. The 1980 protest letter adds that the tax *as assessed and collected* is contrary to the Fourteenth Amendment to the Constitution of the United States and Art. I, § 10 of the Constitution of Missouri. Plaintiffs do not question the valuation of their property by defendant. Their protest is based upon the fact that their property, as that of merchants and manufacturers, allegedly was assessed at a higher percentage of its value than other property within the same taxing jurisdiction. They argue that such an assessment illegally discriminates against them.

■ The dispositive issue is whether plaintiffs' petition failed to state a claim upon which relief may be granted because of their failure to exhaust their administrative remedies for relief, first to the Board of Equalization and then to the State Tax Commission, pursuant to §§ 137.385, 138.-060, 138.110, 138.430, RSMo (1978). Plaintiffs acknowledge, and the briefs establish, that they did not seek administrative review before bringing their action under § 139.031. In compliance with § 139.031.2, RSMo (1978)[3] they did commence an action against the collector to recover their taxes paid under protest. This procedure, however, is only one part of a two-part statutory scheme. The protesting taxpayer simultaneously must follow two distinct statutory routes in seeking relief from a discriminatory assessment. Prugh, Property Tax Appeals in Missouri, 40 J. of Mo. Bar 23, 23 (1984). First, the taxpayer must file an administrative appeal with the appropriate agency to review their assess-

ment, as provided in § 138.430.[4] *Id.* Secondly, the taxpayer must initiate a separate judicial proceeding to obtain a refund of the amount of taxes paid under protest, as provided in § 139.031.2. *Id. See e.g. Adcor Realty v. State Tax Com'n,* 627 S.W.2d 604 (Mo. banc 1982). These statutory procedures must be "meticulously followed." *Adcor Realty,* 627 S.W.2d at 606.

■ In a suit to recover taxes in which constitutional claims are raised, the administrative procedures provided by statute must be utilized and followed to exhaustion. *Westglen Village,* 654 S.W.2d at 900. It is not necessary to exhaust administrative remedies, however, where the sole issue is the constitutionality of a statute on its face. *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522, 539 (1975).

In *Metal Form Corp. v. Leachman,* 599 S.W.2d 922 (Mo. banc 1980), the Missouri Supreme Court did not require the taxpayers to exhaust their administrative remedies. In that case the taxpayers also sought recovery of the manufacturers' taxes which they had paid under protest in accordance with § 139.031. In their protest letters the taxpayers specifically attacked the validity of the manufacturers' license tax statutes (§§ 150.300 to 150.370; in particular §§ 150.310 and 150.320). They did not question the assessment of their taxes. The county collector appealed from the trial court's decision holding that the manufacturers' tax was unconstitutional and that the taxes paid should be refunded. The supreme court determined that it had jurisdiction because construction of the revenue laws of the state was involved, Mo.

3. Section 139.031.2 provides in pertinent part:
   Every taxpayer protesting the payment of taxes, within ninety days after filing his protest, shall commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time herein prescribed, such protest shall become null and void and of no effect, and the collector shall then disburse to

the proper official the taxes impounded, as hereinabove provided.

4. Section 138.430.2 provides:
   Every owner of real property or tangible personal property and every merchant and manufacturer shall have the right of appeal from the local boards of equalization under rules prescribed by the state tax commission. Said commission shall investigate all such appeals and shall correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious.

Const., Art. V, § 3, and reversed and remanded.

 The present case is distinguishable from *Metal Form*. As previously stated, plaintiffs' protest challenges the merchants' and manufacturers' tax *as assessed and collected* in addition to the facial constitutionality of the taxing statutes. Clearly, constitutional construction of state statutes is beyond the authority or jurisdiction of an administrative agency. Yet, where the dispute can be resolved on non-constitutional grounds, it is necessary for the plaintiffs to exhaust their administrative remedies before a court will consider the constitutional grounds. *Aircraft & Diesel Equipment Corp. v. Hirsch*, 331 U.S. 752, 773–774, 67 S.Ct. 1493, 1503–1504, 91 L.Ed. 1796, 1809 (1947). A plaintiff must make a clear showing, both of the inadequacy of the prescribed administrative procedure and of impending harm, in order to shortcut the administrative process. *Id.* Thus, where the taxing authority has made it impossible for the taxpayer to exercise his administrative remedies, the requirement of exhaustion is excused. *Westglen Village*, 654 S.W.2d at 900; *see e.g. Naegele Outdoor Advertising Co., Inc. v. Kansas City*, 509 S.W.2d 128 (Mo.1974). In the present case plaintiffs have made no claim that the administrative remedies were unavailable to them.

In essence, plaintiffs' sole contention is that defendant misapplied the merchants' and manufacturers' taxing statutes, such that the assessment of their property was excessive as compared to that of other property owners within the taxing jurisdiction. If that contention is accurate, the resultant discrimination against plaintiffs might well reach the magnitude of an infringement of their constitutional rights. That fact, however, does not excuse plaintiffs from pursuing and exhausting their administrative remedies [5] before the courts will act. *Sperry Corp. v. Wiles*, 695 S.W.2d 471, 473, *citing Westglen Village*, 654 S.W.2d at 900 and *ABC Fireproof*

*Warehouse Co. v. Clemans*, 658 S.W.2d 28, 30 (Mo. banc 1983).

We therefore hold that plaintiffs' petitions were properly dismissed with prejudice as a matter of law because of their failure to exhaust their administrative remedies. The order of the trial court is affirmed.

SATZ and PUDLOWSKI, JJ., concur.

---

5. *See Xerox Corp. v. Travers*, 529 S.W.2d 418, 422 (Mo. banc 1975) for an outline of the procedures necessary when a tax assessment is challenged.