**Thomas RIDDLE and Lora Dene Riddle, Appellants,**

**v.**

**Robert SCHMIDT, Collector of Montgomery County, Missouri, Respondent.**

**No. 51775.**

Missouri Court of Appeals, Eastern District, Division One.

March 10, 1987.

**186**

Daniel W. Deiter, Montgomery City, for appellants.

Timothy Michael Joyce, Warrenton, for respondent.

CRIST, Judge.

Suit by appellants (taxpayers) under § 139.031.2, RSMo 1986 against respondent (Collector) in circuit court to recover for an alleged excessive tax assessment of their land which taxes were paid under protest. The trial court granted summary judgment in favor of Collector due to taxpayers' failure to exhaust their administrative remedies under § 138.430.1, RSMo 1986 by failing to meet with the Board of Equalization and taking further administrative appeals prior to their filing suit in circuit court. We affirm.

Taxpayers admit failure to exhaust their administrative remedies under § 138.430.1. This failure was fatal to their recovery. *Stout Industries, Inc. v. Leachman,* 699 S.W.2d 129 (Mo.App.1985).

Taxpayers assert they were excused from pursuing their administrative remedies because the taxing authority made it impossible for them to do so. *Stout Industries, Inc.,* 699 S.W.2d at 132; *Westglen Village Associates v. Leachman,* 654 S.W.2d 897, 900 (Mo.banc 1983). In its affidavit attached to its motion for summary judgment, the State asserted taxpayers had notice of the new assessment, the notice advised them of their right to meet with the Board of Equalization to question the proposed rates, taxpayers met with the county commissioners and assessor at which time taxpayers expressed their dissatisfaction of the assessment, and the Board of Equalization met for seventeen days without taxpayers making an effort to attend any of the meetings nor asking for a hearing.

Taxpayers filed a counter affidavit asserting generally about meetings of county officials, but did not deny their failure to meet with the Board of Equalization. Taxpayers alleged insufficient facts to excuse them from meeting with the Board of Equalization. *See* Prugh, Property Tax Appeals in Missouri, 40 J. of Mo.Bar 23,

26-27 (1984). Accordingly, the summary judgment in favor of Collector was proper. Rule 74.04(c).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.