Donald J. CONNORS, et al.,
Plaintiffs/Appellants,

v.

George C. LEACHMAN, Collector of Revenue, St. Louis County, Missouri, Defendant/Respondent.

No. 52007.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Terry J. Galganski, Clayton, for plaintiffs/appellants.

Robert E. Fox, Clayton, for defendant/respondent.

SATZ, Presiding Judge.

Plaintiffs Donald and Mildred Connors sued defendant George Leachman, Collector of Revenue of St. Louis County, to recover taxes paid under protest. The trial court granted defendant's motion to dismiss. Plaintiffs appeal. We affirm.

Plaintiffs own two pieces of property containing at least five dwelling units. This property is classified "commercial" and subject to an assessment rate of 32 percent. § 137.016.1(3) RSMo. (Supp.1987). Plaintiffs paid the commercial tax rate under protest by submitting a protest letter with their tax payment. In their protest letter, plaintiffs claimed the classification of property in § 137.016.1 violates Art. X, §§ 4(b) and 3 of the Missouri Constitution [1] and the equal protection and due process clauses of the United States and Missouri Constitutions. Plaintiffs then timely filed a petition in circuit court to recover the protested taxes. § 139.031.2 RSMo. (Supp. 1987).

Defendant filed a motion to dismiss on two grounds: Plaintiffs failed to exhaust their administrative remedies and failed to state a cause of action in their petition. After a hearing, the trial court granted defendant's motion. In its order, the trial court did not specify on what grounds it based this ruling.

■ We note initially jurisdiction is properly vested in this court. Admittedly, plaintiff is attacking the constitutional validity of a statute. However, a real and substantial constitutional question is not raised when the Supreme Court has once determined the question. *State v. Hurt*, 668 S.W.2d 206, 210 (Mo.App.1984). The precise constitutional issue raised by plaintiffs has been resolved by our Supreme Court, and, therefore, we are not deprived of jurisdiction. *Associated Industries of Mo. v. State Tax Comm'n. of Mo.*, 722 S.W.2d 916 (Mo.1987).

We next address the issue of exhaustion of administrative remedies. In the present case, plaintiffs were not required to exhaust their administrative remedies and, therefore, were properly before the trial court.

---

1. Article 10, § 4(b) states:

Property in classes 1 and 2 and subclasses of those classes, shall be assessed for tax purposes at its value or such percentage of its value as may be fixed by law for each class and for each subclass. Property in class 3 and its subclasses shall be taxed only to the extent authorized and at the rate fixed by law for each class and subclass, and the tax shall be based on the annual yield and shall not exceed eight percent thereof. Property in class 1 shall be subclassed in the following classifications:

(1) Residential property;

(2) Agricultural and horticultural property;

(3) Utility, industrial, commercial, railroad, and all other property not included in subclasses (1) and (2) of class 1.

Property in the subclasses of class 1 may be defined by law, however, subclasses (1), (2), and (3) shall not be further divided, provided, land in subclass (2) may by general law be assessed for tax purposes on its productive capability. The same percentage of value shall be applied to all properties within any subclass. No classes or subclass shall have a percentage of its true value in money in excess of thirty-three and one-third percent.

Article 10, § 3 states:

Taxes may be levied and collected for public purposes only, and shall be uniform upon the same class of subclass of subjects within the territorial limits of the authority levying the tax. All taxes shall be levied and collected by general laws and shall be payable during the fiscal or calendar year in which the property is assessed. Except as otherwise provided in this constitution, the methods of determining the value of property for taxation shall be fixed by law.

Generally a protesting taxpayer must exhaust his administrative remedies, even, at times, when constitutional claims are raised. *Westglen Village Associates v. Leachman,* 654 S.W.2d 897, 900 (Mo. banc 1983). However, when the sole issue raised by the taxpayer is the constitutionality of a statute on its face, exhaustion of administrative remedies is not required. *Weinberger v. Salfi,* 422 U.S. 749, 766 95 S.Ct. 2457, 2467, 45 L.Ed. 522, 539 (1975); *Stout Industries, Inc. v. Leachman,* 699 S.W.2d 129, 131 (Mo.App.1985).[2] Such is the case here. Plaintiffs' protest letter and petition clearly raise the facial invalidity of § 137.016 as the sole basis for their protest. Therefore, the trial court should not have dismissed plaintiffs' claim on this ground.[3]

Although the trial court erroneously failed to reach the merits, we decline to reverse and remand. In the interest of judicial economy, we refuse to return the parties to the trial court when resolution of this issue is a foregone conclusion. The precise challenge to the validity of § 137.016 raised by plaintiffs has been rejected by our Supreme Court. Section 137.-016 is constitutional. This statute is not arbitrary or capricious, and challenges based on §§ 3 and 4(b) of Article X fail to overcome the presumption of constitutionality. *Associated Industries of Missouri v. State Tax Commission of Missouri,* 722 S.W.2d 916 (Mo.1987). Plaintiffs here raise the same challenge and are bound by *Associated Industries, supra.*

Accordingly, the judgment on the trial court is affirmed.

KELLY and CRIST, JJ., concur.

---

**2.** If the taxpayer is challenging the statute as unconstitutional in its application or administration, administrative remedies must be exhausted. *Stout Industries, Inc. v. Leachman, 699 S.W.2d 129, 131 (Mo.App.1985).*

**3.** There are no deficiencies in plaintiffs' petition unless one considers the failure to allege exhaustion of administrative remedies. Because plaintiffs here were not required to exhaust, failure to state a claim is not a ground on which their petition could be dismissed.