**BUCKHORN RUBBER PRODUCTS, INC., Appellant,**

v.

**William ROBISON, Collector for Ralls County, Respondent.**

No. 55364.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1989.

Charles E. Rendlen, Jr., Private Atty., Hannibal, for appellant.

Glenn Allen Norton, Private Atty., New London, for respondent.

PER CURIAM.

Plaintiff-taxpayer appeals the summary judgment on its petition for injunction against the Collector of Revenue for Ralls County. We affirm.

Plaintiff, Buckhorn Rubber Products, Inc., leases real estate from the City of Hannibal. In 1985, 1986 and 1987, the assessor taxed Buckhorn as if it were the owner, not lessee, of the property. The assessor asserts that Buckhorn is the de facto owner and that the lease arrangement is merely a device to use the City's tax-exempt status. Buckhorn filed administrative appeals of the 1985 and 1987 assessments which actions were pending before the tax commission at the time of the challenged decree.

After the 1986 tax was assessed, plaintiff paid its taxes under protest and they were deposited in a separate account per section 139.031, RSMo 1986. When plaintiff failed to pursue an appeal of the 1986 assessment, the collector removed the money from the account. Plaintiff then filed a petition for injunction claiming that the collector was required to keep the disputed payments in the separate account pending the outcome of its appeal of the 1985 taxes and requested that the court order the collector to replace the funds. Defendant filed a motion for summary judgment claiming that plaintiff had an adequate remedy at law and had failed to exhaust its administrative remedies. After an evidentiary hearing, the court granted the motion.

Plaintiff now appeals in a four point brief that actually challenges the assessment itself and argues that it was entitled to forego the administrative procedure because the assessment was void. This argument is not responsive to the ruling appealed from. The petition for injunction attacked the collector's failure to retain funds in a separate account; it did *not* involve the validity or invalidity of the assessment.

 Section 139.031 provides that a tax assessment paid under protest will be held in a separate account pending adjudication of the dispute. After paying the assessment under protest, the taxpayer has 90 days to file a circuit court action for repayment against the collector of revenue; if such an action is not filed, the "protest shall become null and void" and the collector shall remove the funds from the separate account. § 139.031.2, RSMo 1986. However "[n]o action against the collector shall be commenced by any taxpayer who has, *for the tax year in issue,* filed with the state tax commission a timely and proper appeal of the protested taxes." § 139.031.3 (emphasis added). Plaintiff did not file an action for repayment or an action with the tax commission for the year 1986. It failed to follow the statutory prerequisites and thus lost its right to have those funds held aside under the statute. *Nexus Rent–A–Car, Inc. v. Nash,* 747 S.W.2d 683, 687 (Mo.App.1988).

Plaintiff argues that under section 536.100, RSMo 1986, it may proceed directly to circuit court, skipping administrative channels, when attacking a void administrative order. While this rule may apply to a direct challenge on the assessment itself, *see Pentecostal Church of God v. Hughlett,* 737 S.W.2d 728 (Mo. banc 1987), and *Connors v. Leachman,* 740 S.W.2d 376 (Mo.App.1987), it is not pertinent to the action in question. As we concluded above, the collector's actions were proper under the statute. Consequently, the petition did not attack a void agency order. Plaintiff's failure to follow proper administrative channels prevents it from invoking the other provisions of section 536.100. *State ex rel Johnson v. Burks,* 463 S.W.2d 586, 588 (Mo.App.1971).

Although the trial judge merely granted the motion for summary judgment without explanation, we need not determine why the judge made his decision as long as we can determine that he reached the correct result. *Ederle v. Ederle,* 741 S.W.2d 883, 885 (Mo.App.1987). Under the admitted facts, it is clear that plaintiff was not entitled to an injunction as a matter of law and summary judgment was proper. Rule 74.04.

We affirm the trial court's order.

All Judges concur.