STATE of Missouri, Respondent,

v.

Richard W. PETERS, Appellant.

No. 19006.

Missouri Court of Appeals,
Southern District,
Division Two.

June 28, 1994.

Larry Maples, Joplin, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Clate J. Baker, Asst. Atty. Gen., Springfield, for respondent.

GARRISON, Judge.

Richard Peters (Appellant) was committed to the Department of Mental Health on March 14, 1988, after he was found not guilty

of rape by reason of mental disease or defect excluding responsibility. He received a conditional release on December 16, 1991. This appeal arose from the denial of Appellant's request for an unconditional release pursuant to § 552.040.[1]

In his sole point on this appeal, Appellant contends that the denial of his request violated due process of law because he claims the State had the burden to prove by clear and convincing evidence that he was both mentally ill and dangerous, but no such evidence was presented at the hearing on his application. Section 552.040.6(6), however, provides that "[t]he burden of persuasion ... shall be on the party seeking unconditional release to prove by a clear and convincing evidence that the person for whom unconditional release is sought does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." Appellant therefore argues that his constitutional right to due process was infringed because the trial court, pursuant to § 552.-040.6(6), placed the burden of persuasion on him rather than on the State.

Two preliminary motions were filed in this appeal, both of which were taken with the case. Appellant filed a motion to transfer requesting that this appeal be transferred to the Missouri Supreme Court because, pursuant to the Missouri Constitution, Art. V, § 3, that court has exclusive appellate jurisdiction in all cases involving the validity of a statute. The State filed a motion to dismiss the appeal contending that Appellant's constitutional challenge was not effectively made at the earliest opportunity.

In both his motion to transfer and his brief on this appeal, Appellant relies on *Foucha v. Louisiana,* 504 U.S. ——, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), for the proposition that it is unconstitutional to place the burden of persuasion on a person seeking an unconditional release from a commitment to a mental facility as a result of an acquittal on grounds of mental disease or defect. The same issue, however, has been decided adversely to Appellant's position by the Missouri Supreme Court in *State of Missouri v. Tooley,* 875 S.W.2d 110 (Mo.1994). In *Tooley,* the Supreme Court distinguished *Foucha,* overruled the same challenge made by Appellant in the instant case, and upheld the constitutional validity of § 552.040.6(6). Under such circumstances, transfer to the Supreme Court is not required. *City of St. Louis v. Page,* 259 S.W.2d 98, 99 (Mo.App. E.D.1953). *See also Connors v. Leachman,* 740 S.W.2d 376, 377 (Mo.App.E.D.1987).

Our review of the record in this case also indicates that Appellant did not preserve a constitutional challenge because he failed to specifically raise it at the earliest available opportunity as required by cases such as *Ford Motor Credit v. Housing Authority,* 849 S.W.2d 588, 592 (Mo.App.W.D.1993), and *City of Eureka v. Litz,* 658 S.W.2d 519, 521 (Mo.App.E.D.1983). Although this would justify our dismissal of this appeal pursuant to the State's motion, we choose instead to decide it on its merits. Because of the Supreme Court's decision in *Tooley,* Appellant's point on this appeal is denied.

Judgment affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.

---

1. All references to statutes are to RSMo Cum. Supp.1991.