Luke John WATKINS,
Petitioner-Respondent,

v.

Ruby F. WATKINS,
Respondent-Appellant.

No. 10680.

Missouri Court of Appeals,
Springfield District.

Sept. 13, 1977.

William A. Moon, Springfield, for petitioner-respondent.

Ivella McWhorter Elsey, Springfield, for respondent-appellant.

PER CURIAM.

On December 21, 1976, the Circuit Court of Greene County entered a dissolution of marriage decree. On January 13, 1977, 23 days after the decree was entered, appellant filed a motion to set aside the decree and to grant a new trial. On May 6, 1977, appellant's notice of appeal was filed.

Rule 73.01, V.A.M.R., requires motions for new trial in cases tried to the court to be filed ". . . not later than 15 days after the entry of judgment . . ." A timely after-trial motion postpones the finality of the judgment until such time as the motion has been disposed of. Rule 78.-04, V.A.M.R. Otherwise, the judgment becomes final for purposes of appeal at the expiration of 30 days following entry of the judgment. Rule 81.05(a), V.A.M.R. Here, appellant relied upon an untimely motion for new trial with the result that appellant's notice of appeal was also untimely. Rules 81.05(a) and 81.04, V.A.M.R.

We are duty bound to determine the timeliness of the notice of appeal because this court does not acquire appellate jurisdiction in the absence of a timely notice of appeal. *Kuhn v. Bunch*, 529 S.W.2d 200(1) (Mo.App.1975).

The appeal is dismissed.

All concur.