**CALDWELL PAINT MANUFACTURING COMPANY, Incorporated, a corporation, Plaintiff-Respondent,**

v.

**Ron LEBEAU and Gail Lebeau, his wife, d/b/a Ron Lebeau Painting Company, Defendants-Appellants.**

No. 39417.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1979.

Harold E. Horsley, Jr., Valley Park, for defendants-appellants.

R. W. Jacobsmeyer, Clayton, for plaintiff-respondent.

KELLY, Judge.

The appellants, Ron LeBeau and Gail Le-Beau, husband and wife, d/b/a Ron LeBeau Painting Company, appeal from an order of the Circuit Court of St. Louis County setting aside a previous order of said court vacating a "default judgment" entered against the appellants, who were defendants in the trial court. For reasons hereinafter set out we conclude that the judgment should be affirmed.

The facts are rather simple. Respondent, plaintiff in the trial court, instituted this action on January 14, 1976, against the appellants, doing business as Ron LeBeau Painting Company, for $14,250.77 for painting materials allegedly sold to appellants and for which they allegedly failed to pay, despite demand that they do so. The appellants are residents of Garland, Texas.

Service was had upon the appellants pursuant to the provisions of § 506.500 RSMo.

1969. On April 23, 1976, Melvin D. Benitz entered his appearance as attorney for the appellants and on May 22, 1976, filed an Answer and Counterclaim for them. The Answer constituted a general denial and alleged, as an affirmative defense, discharge of the debt in bankruptcy. The counterclaim sought damages for defective and unusable merchandise delivered to appellants by respondents plus labor in a sum of $9,000.00.

On July 15, 1976, appellants' counsel of record amended the counterclaim by adding an allegation that the respondent allowed employees of appellant to purchase paint brushes, equipment and other painting paraphernalia without appellants' consent so that appellants were damaged in the amount of $5,000.00. The prayer of the counterclaim was amended to seek damages in the sum of $14,000.00.

Prior to this amendment, respondent directed interrogatories to each of the appellants on May 25, 1976, and on June 21, 1976, filed a motion for sanctions against them by reason of their failure to answer the interrogatories. This motion for sanctions was continued on June 29, 1976, until July 16, 1976. On July 16, 1976, the motion for sanctions was called up, heard and sustained. Subsequently, on August 25, 1977, upon motion by appellant, the record was corrected, nunc pro tunc, to show that the Answers to Interrogatories directed to appellants were filed on July 15, 1976.

On October 12, 1976, respondents filed its reply to appellants' counterclaim, but we are not aware of what it alleged because it has not been incorporated into the record on appeal.

On March 2, 1977, the cause was placed on the trial calendar of April 18, 1977.

On April 15, 1977, Mr. Benitz filed a motion for leave to withdraw as appellants' attorney on the grounds "Defendants failure to cooperate, answer correspondence, or to communicate their whereabouts." His withdrawal was approved by the judge of Division No. 1 of the Circuit Court in which division of the multi-judge circuit the cause was pending.

On April 18, 1977, the cause was called, the respondent appeared by counsel and announced ready for trial, but the appellants did not appear in person or by counsel. The trial court thereupon struck appellants' pleadings by reason of their failure to appear for trial, entered an interlocutory judgment in Default, and set the cause for hearing on April 28, 1977.

On April 28, 1977, a hearing was held by the Judge of Division No. 15 of the Circuit Court of St. Louis County, sitting in Division No. 1 thereof. Appellants did not appear in person nor by counsel.

At this hearing Melvin C. Caldwell, president of respondent, testified from the business records of respondent, relative to merchandise sold to the appellants by respondent and which was the basis for this claim. According to his testimony the appellants owed respondent $14,207.77 plus interest in an amount of $1,496.33, a total of $15,-757.10. He also testified that the respondent corporation had demanded payment of the amount owed but had received no affirmative response from the appellants.

With respect to the debt allegedly discharged in bankruptcy, Mr. Caldwell testified that during 1968 and 1969 the appellants owed respondent $8,691.44 and that this debt was discharged in the bankruptcy proceedings. However, several years thereafter, the appellants came to him asking that respondent again sell goods to them at a time when Mr. LeBeau was working on a fairly large subdivision. When this request for further sales of merchandise was made, Mr. LeBeau promised "unconditionally" that he would repay the $8,691.41 debt which had been discharged in bankruptcy if respondent would again extend him credit. On the basis of this promise respondent extended further credit to the appellants, including the amount claimed in this action.

The trial court entered judgment in favor of the respondent and against the appellants in the sum of $15,747.10, plus costs.

On May 27, 1977, Harold E. Horsley, Jr., entered his appearance as counsel for the appellants and simultaneously filed a mo-

tion to set aside the default judgment. This motion was verified by the appellants before Mr. Horsley as the notary public on the same date. The grounds for setting aside the default stated in the motion were that the appellants had answered respondent's petition and had denied liability for the major portion of its claim; that they had filed a suggestion of bankruptcy to a portion of the claim; that they had filed a counterclaim; that they had answered interrogatories posed by respondent; that their lawyer did not inform them of the trial date despite the fact he had their address and telephone number at their residence in Garland, Texas; that they stood ready, willing and able to try the case on the date it was set for trial had they been so informed by their attorney, but that they were not aware that their attorney was withdrawing from the case only "four" days prior to the trial setting; and that said information was not communicated to them until they were called by their former counsel and advised that a judgment had been taken against them.

Notice of the filing of this motion was "mailed" to respondent's counsel on May 27, 1977, but no notice was served upon him calling up the motion as required by Rule 44.01(d).

On the same day, May 27, 1977, the motion was presented to the judge of Division No. 6 of the Circuit Court of St. Louis County, who sustained the motion and entered an order setting aside the "default judgment" and holding it for naught. This order does not contain any recitation that either respondent or its counsel was present at the time the motion was presented nor when the order was entered.

Subsequently, on June 8, 1977, respondent filed a motion to vacate the order of May 27, 1977, setting aside the judgment of April 28, 1977, together with a notice of hearing of said motion. We discern this from the Minutes of Proceedings in the record on appeal despite the fact neither the respondent's motion nor the notice have been included in the record. From these Minutes we also learn that the time for

notice of hearing on this motion was shortened "for good cause shown" to June 10, 1977, by the judge of Division No. 1 of the Circuit Court of St. Louis County.

On June 8, 1977, appellants' counsel filed a motion to reinstate Answer, Counterclaim and Other Pleadings.

On June 10, 1977, the motion to vacate was heard by the judge of Division No. 1 and taken as submitted. The parties filed memoranda of law stating their respective positions, and on June 14, 1977, the order was entered vacating the order of May 27, 1977, and ordering that the judgment entered on April 28, 1977, in favor of the respondent and against the appellants "be allowed to stand." Appellants' motion to reinstate their pleadings was denied.

On June 22, 1977, appellants filed their notice of appeal from the order of June 14, 1977.

Appellants have contended throughout that the judgment entered in this cause is an interlocutory judgment on default authorized by Rule 74.045. Respondent, on the other hand, argues that it is a judgment on the pleadings and the evidence entered upon the failure of the appellants to appear in person or by counsel. The determination of this question is crucial to this appeal because it either broadens or restricts the remedies available to the appellants.

The parties do not raise the due process issue inherent in the action of the trial court striking their pleadings upon the failure of the appellants to appear on the date the cause was set for trial; they apparently concede that it has such power. We therefore do not decide that question, but proceed to reach our decision on the assumption that the trial court possesses the power to impose this sanction.

The term "default judgment" has varied meanings, dependent upon the context in which it is employed. When used in the context of Rule 74.045, it refers to an interlocutory judgment where a defendant has failed to file an answer or other pleading within the time prescribed by law or the rules of practice, or has failed to serve a

copy thereof upon the adverse party or his attorney when required to do so. The term has also been employed in cases where the pleadings of a party have been stricken pursuant to the authority of Rule 61.01 by reason of a failure or refusal to make discovery. *Bussmann v. Bussmann*, 573 S.W.2d 462 (Mo.App.1978); *In re Marriage of Dickey*, 553 S.W.2d 538, 539[1] (Mo.App. 1977). And the term has been applied to judgments entered after an evidentiary hearing where a defendant has been served with summons, filed an answer and therefore was not in default nihil dicit, but the trial court, after withdrawal of the defendant's attorney and where defendant did not appear on the date the cause was set for trial, proceeded to take evidence under the pleadings and entered judgment thereon in favor of the plaintiff and against the defendant. *J. G. Jackson Associates, Inc. v. Mosley*, 308 S.W.2d 774, 777[3] (Mo.App. 1958); *Hamm v. Hamm*, 437 S.W.2d 449, 452[1] (Mo.App.1969).

■ Despite the phraseology employed by the court when the appellants failed to appear on April 18, 1977, for trial, we are of the opinion that the judgment in this case is not a "default judgment" as that term is employed in Rule 74.045, because appellants had filed an Answer and had entered their general appearance and were not in default as the term is used in that Rule.

Rather, we conclude that the "default judgment" in this case is akin to the default judgment entered in *J. G. Jackson Associates, Inc. v. Mosley*, supra and *Hamm v. Hamm*, supra. We reach this conclusion because prior to entering judgment the trial court heard evidence directed not only to establish respondent's claim but also to overcome the affirmative defense pleaded by appellants in their Answer, despite the fact this Answer had been stricken.

However, even if the trial court possessed the power to strike appellants' pleadings, as they have conceded, then the principles applicable to those judgments entered where the trial court has ordered a party's pleadings stricken as a sanction under Rule 61.01 by reason of said party's refusal to make

discovery would apply in this case. The question to be reviewed would be whether the action of the trial court in imposing the sanction and rendering the cause uncontested and subject to judgment constituted an abuse of discretion. *In re Marriage of Dickey*, supra.

Regardless of which kind of default judgment this is, the crucial issue is the effect of the filing of appellants' motion to set aside judgment by default on May 27, 1977, 29 days after the judgment entry.

■ Rule 69.01(b) provides that the right to trial by jury is waived if a party fails to appear at trial, and the cause may then be tried by the court without a jury. In court tried cases a party may, but need not, file a motion for new trial or a motion to amend the judgment and opinion, or both. When however a party chooses to file a motion for new trial said motion must be filed not later than 15 days after the entry of judgment. Rule 73.01. Unless a motion for new trial or a motion to amend the judgment and opinion is timely filed, the judgment in a court tried case becomes final thirty days after entry of judgment, and a party desirous of taking an appeal from said judgment must file a notice of appeal not later than ten days thereafter. Rule 81.04; *State ex rel. Nilges v. Rush*, 532 S.W.2d 857, 859[3] (Mo.App.1975).

■ Because appellants' motion to set aside the judgment by default was filed 29 days after entry thereof, the motion could not constitute a timely filed motion for new trial which would extend the time within which a notice of appeal might be filed. Rather, this motion could serve only as a suggestion to the trial court to exercise the powers conferred upon it by Rule 75.01 to vacate the judgment provided that power was exercised on or before May 28, 1977, 30 days after the judgment entry. *State ex rel. Campbell v. Anderson*, 536 S.W.2d 200, 201[3] (Mo.App.1976).

The motion was not presented either to the judge of Division No. 1, who entered the order striking appellants' pleading and setting the cause for trial on default, or the

judge of Division No. 15, who actually heard the evidence and entered the judgment. The record on appeal reveals no reason why the motion was not presented to either of those judges but was presented to the judge of Division No. 6 of said court for consideration.

Appellants concede that respondent was given no notice that the motion to set aside was going to be filed on May 27, 1977, other than the certification contained on said motion that a copy of same was being mailed to respondent's attorney on that same date, May 27, 1977. They also concede that the motion was filed, presented and heard ex parte on the same day and, despite the lack of any notice calling up the motion for hearing or any order shortening the time for same, sustained on the same day.

The judge of Division No. 1, in ruling on respondent's motion to set aside the order of the judge of Division No. 6 setting aside the judgment of April 28, 1977, found that "Defendant failed to give plaintiff reasonable notice, and an opportunity to be heard on Defendants' Motion to Set Aside the Default Judgment."[1]

■ It is settled law in this State that although the trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify said judgment for good cause within that period of time, Rule 75.01, the power and jurisdiction to do so is subject to the qualification that the party to be adversely affected be given reasonable notice and an opportunity to be heard on the factors inducing the court's intended action. *Savings Trust Co. of St. Louis v. Skain*, 345 Mo. 46, 131 S.W.2d 566, 574[14] (banc, 1939); *Hoppe, Inc. v. St. Louis Public Service Co.*, 235 S.W.2d 347, 348[2] (Mo.banc 1951); *State ex rel. Murphy v. Aronson*, 330 S.W.2d 140, 143[1] (Mo.App.1959); *Summers v. Clayton*, 500 S.W.2d 28, 30[2] (Mo. App.1973).

■ This concededly was not done in this case and therefore the trial court lacked jurisdiction to enter the order of May 27, 1977, setting aside and holding for naught the judgment of April 28, 1977, in favor of the respondent and against the appellants, and said order is, and was since its entry, a nullity.

We find no error in the order of the judge of Division No. 1 from which this appeal was taken in holding that the order of May 27, 1977, be set aside.

Appellants raise two points on appeal, but we have no jurisdiction to entertain those points.

■ We reach this conclusion because, as we have stated, the motion to set aside judgment by default was not filed in time to constitute a motion for new trial; it merely served as a suggestion to the court to exercise the powers authorized by Rule 75.01 and therefore did not extend the time within which appellants were required to file a notice of appeal if the trial court did not act within 30 days of the date on which the judgment was entered.

■ The trial court's apparent exercise of its jurisdiction may have misled appellants, but as a matter of law its action was void and unlawful. Because respondent was denied notice and an opportunity to be heard, the court lacked jurisdiction to proceed and any action it took was a nullity. *Savings Trust Co. of St. Louis v. Skain*, supra, and other cases cited supra, on this point. Having acted unlawfully, we believe that the trial court, in law, did not act at all and therefore the 30 days within which it could have exercised the powers conferred upon it by Rule 75.01 expired and the judgment of April 28, 1977, became a final judgment.

■ To prosecute an appeal from a final judgment of a trial court it is jurisdictional that a notice of appeal be filed with the clerk of the trial court within 10 days after the judgment or order appealed from

1. Respondent's Motion to Set Aside the Order of May 27, 1977, is not included in this record on appeal so we must assume that this was one of the grounds stated in the motion; however, even had it not been, this is a jurisdictional question, as we point out.

becomes final. *Watkins v. Watkins*, 556 S.W.2d 215[2] (Mo.App.1977). This judgment became final on May 29, 1977, and appellants' notice of appeal was not filed until June 22, 1977. The intervening motion by respondent to set aside the order of court of May 27, 1977, did not extend the time for the filing of appellants' notice of appeal beyond the 6th day of June, 1977, because that order was of no legal consequence.

Appeal dismissed.

WEIER, C. J., and GUNN, P. J., concur.