**Rita M. DIEHL, Petitioner-Respondent,**

v.

**Charles Judson DIEHL,
Respondent-Appellant.**

**No. WD 32651.**

Missouri Court of Appeals,
Western District.

March 2, 1982.

Michael W. Manners (argued), Robert C. Paden, Paden, Welch, Martin, Albano & Graeff, P.C., Independence, for respondent-appellant.

Charles D. Wilson (argued), James L. Muller, Legal Aid of Western Missouri, Kansas City, for petitioner-respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Charles Judson Diehl appeals from an order entered by the Circuit Court of Jackson County declining to rule on his motion to set aside decree of dissolution of marriage. We dismiss the appeal and remand for further proceedings.

On December 2, 1980, Rita M. Diehl filed her first amended petition for dissolution of her marriage to Charles Judson Diehl. The trial court entered its judgment of dissolution on January 20, 1981, awarding custody of the three minor children to the wife, ordering the husband to pay child support and dividing the marital property. Mr. Diehl did not appear and was in default.

On February 10, 1981, Mr. Diehl filed a verified motion to set aside the decree, alleging that the decree was procured by

fraud on the part of his wife. Specifically, he claimed that Mrs. Diehl "assure[ed] him by her statements and actions that she would not proceed with the dissolution of marriage at this time, while attempting negotiations toward amicable settlement of the matter, and [he] relied upon [her] statements and actions; and [he] had no reason to believe that the representations of the Petitioner were false." He filed suggestions in support of this motion on March 5, 1981. The wife filed her verified answer to the motion on March 13, 1981, denying that she made any false or misleading statements.

The trial court ruled that because the husband had filed his suggestions in support of his motion more than thirty days after judgment entry, it had lost jurisdiction to hear the motion and therefore declined to rule on the motion.

Mr. Diehl first assigns as error the trial court's failure to rule on his motion to set aside the decree. He claims that the trial court retained jurisdiction to hear the motion because it was based on allegations of extrinsic fraud. Second, he maintains that if the trial court's ruling is deemed a denial of the motion, such denial was erroneous because appellant was not given an evidentiary hearing.

This court's review of these assignments of error is controlled by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976) (en banc), which requires that the decision below be sustained unless it erroneously declares or applies the law. *Id.* at 32. The trial court did not exhaust its jurisdiction. The reasons ascribed to its refusal to rule on Mr. Diehl's motion constituted an erroneous application and declaration of the law.

■ A motion to set aside a default judgment is not governed by Rule 78, which applies to most after-trial motions. Rather, such a motion is covered by Rule 74.045 et seq., which allows for the setting aside of the default judgment within three years after the final judgment is rendered. Rule 74.32. Thus, the trial court's jurisdiction

did not expire after thirty days following the judgment entry.

■ Moreover, a motion to set aside a judgment allegedly procured through extrinsic fraud requires consideration and ruling by the trial court. *Staab v. Thoreson*, 536 S.W.2d 537, 538 (Mo.App.1976). The trial court declined to rule on the motion; thus, we cannot assess the correctness of the ruling on the merits. The appeal is premature and must be dismissed and the case remanded for further proceedings on the unresolved issues. *See Horridge v. Horridge*, 618 S.W.2d 202, 206 (Mo.App. 1981).

■ Mrs. Diehl concedes that the trial court's action was erroneous but avers that the error was harmless because the trial court reached a correct result. She bottoms this assertion on alleged deficiencies in Mr. Diehl's motion, charging that he failed to allege facts "actually constituting fraud in the procurement of the judgment" or facts demonstrating a meritorious defense. We do not believe that either of these "deficiencies" is significant in the determination of this appeal.

Even if the motion were totally deficient in its allegations, it does not follow that the trial court should have denied the motion. Indeed, the judicial policy in this regard is to allow the liberal amendment of pleadings when justice so requires. *McGuire v. Bode*, 607 S.W.2d 165 (Mo.App.1980); Rule 55.33; Rule 67.06.

■ Moreover, Mrs. Diehl's voluminous assertions on this point confuse the requirements of pleading with the requirements of proof. Although under Rule 55.15[1] averments of fraud must state the circumstances constituting fraud with particularity, contrary to Mrs. Diehl's implications, this requirement does not mean that the motion, standing alone, must prove itself.

Even if the trial court finds that Mr. Diehl's allegations lack clarity and the requisite specificity, if his allegations invoke substantive principles of law which may

1. *See also* § 509.160, R.S.Mo., 1978.

entitle him to relief, they will be sustained even though imperfectly or defectively stated. *Euge v. Golden*, 551 S.W.2d 928, 932 (Mo.App.1977). Furthermore, "[a]lthough [he] may have to amend to add facts to support his claim in fraud, and although [he] may have difficulty proving his allegations, he should be afforded his day in court and have the opportunity to prove his claims." *Id. McGuire v. Bode, supra.*

Accordingly, we dismiss the appeal and remand the cause for further proceedings on the unresolved issues. Specifically, the trial court must rule on the motion, preferably after an evidentiary hearing. If the trial court finds that the motion is insufficient, it may allow the appellant to amend the motion to allege fraud with the requisite degree of particularity.

All concur.

Stephen V. Crain, Kansas City, for respondent-appellant.