ABC FIREPROOF WAREHOUSE CO., et al., Appellants,

v.

Eugene CLEMANS, Respondent.

No. 64738.

Supreme Court of Missouri, En Banc.

Oct. 18, 1983.

Stephen B. Strayer, Joseph J. Mulvihill, Kansas City, for appellants.

Michael F. Dandino, John B. Williams, Kansas City, for respondent.

BLACKMAR, Judge.

On March 17, 1981, eighteen taxpayers filed a petition in the Circuit Court of Jackson County pursuant to § 139.031, RSMo (Supp.1982) to recover business personal property taxes paid under protest, naming as defendant Eugene P. Clemans, the Manager of the Division of Assessment and Collection for Jackson County. The petition charged unconstitutional discrimination in assessing business property at one-third of its true value while real estate is assessed at 18 to 22.5% of its true value.

The petition went on to state that the plaintiffs' business personal property assessments had been appealed to the Jackson County Board of Equalization, and thence to the State Tax Commission, where they remained pending.

The record shows proper service of process with sufficient return made, but the defendant did not enter an appearance and did not file a motion or responsive pleading within 30 days of service as required by our Rules 55.01 and 55.25. Plaintiffs' counsel, understandably, took steps to obtain a default judgment in accordance with the prayer of the petition, and judgment for refund of taxes paid in excess of those conceded to be due was entered on July 14, 1982.

The defendant entered his first appearance in the case on September 24, 1982, more than two months after the entry of the default judgment, claiming that, pursuant to Rule 74.32, he was entitled as a matter of law to have the default judgment set aside for "irregularity." Defendant claimed that the circuit court acted without jurisdiction over the subject matter when it entered the default judgment while the administrative proceedings were still pending and that the judgment, therefore, was premature under our decision in *Xerox Corporation v. Travers*, 529 S.W.2d 418, 422 (Mo. banc 1975), in which we held that tax protest cases "shall be stayed until the proceedings before the State Tax Commission and judicial review, if any, are finalized."

■ The circuit court set aside the default judgment on December 6, 1982, stating that

The petition alleges that an appeal was pending before the State Tax Commission. Under the cases I was required to stay the proceedings herein. I had no discretion.

The plaintiffs filed a timely notice of appeal to this Court,[1] predicating jurisdiction upon the construction of the revenue laws of Missouri.[2] We affirm the order of the circuit court setting aside the default judgment.

At the outset we address the question of our appellate jurisdiction, a point first raised by respondent but apparently not pressed. It was suggested that this suit involves a question of the *application* of the *Xerox* decision, rather than the *construction* of the revenue laws of this state.

■ We of course are obliged and entitled to consider questions of jurisdiction, whether or not raised or advanced by the parties. Having considered the issue, we retain jurisdiction. Although *Xerox* made it clear that a taxpayer had to file suit as required by § 139.031 in addition to pursuing valuation questions before the State Tax Commission, and held that the 139.031 suit should be stayed pending such proceedings, some uncertainty remained as to whether a suit of the kind these plaintiffs seek to maintain could be pursued without resort to the State Tax Commission. Until our decision in *Westglen Village Associates v. Leachman,* 654 S.W.2d 897 (Mo. banc 1983), which makes it clear that even a claim of unconstitutional discrimination in assessment must be presented to the State Tax Commission, there had been uncertainty in the interplay of § 139.031, on the one hand, and the statutes governing valuation review on the other,[3] and this uncertainty may properly be said to give rise to problems of statutory construction. We in any event could opt to retain the case without drawing fine lines as to where construction ends and interpretation begins, and elect to do so.

■ The affirmance of the circuit court's order to set aside the default judgment does not signify our approval of respondent's failure to comply with the Missouri Rules of Civil Procedure as to the time for filing responsive pleadings or motions. The time limits exist to further orderly procedure and the speedy administration of justice. Respondent, a public officer, should have promptly filed a motion or answer seeking a stay in accordance with *Xerox.* Had he done so, much time, labor and expense would have been saved. But we are unwilling to perpetuate an unwarranted default simply to punish the respondent, especially in a case involving the public's funds.

Our recent decisions further clarify the holding in *Xerox,* by demonstrating that any judgment challenging the assessed valuation of property is premature until a decision of the State Tax Commission has been had and reviewed as required by law. In *Xerox* the taxpayer had initiated the procedure of § 139.031 by filing a protest to accompany the tax payment, and had also resorted, first to the Board of Equalization, and then to the State Tax Commission. Judicial review of the Commission's decision was sought by suit in Cole County, but no suit was filed against the tax collector in the county in which the protest had been filed within 90 days of the payment under protest, as required by 139.031. The taxpayer argued that the Cole County suit satisfied the requirements of that statute. We held that the filing of suit against the

---

**1.** An order under Rule 74.32 setting aside a judgment for irregularity is appealable, *Robinson v. Clements,* 409 S.W.2d 215, 219 (Mo.App. 1966), even though an order setting aside a default judgment within 30 days of rendition pursuant to Rule 75.01 is not appealable. *Harper v. Harper,* 379 S.W.2d 889, 892 (Mo.App. 1964).

**2.** Article V, § 3, of the Missouri Constitution provides in pertinent part
The supreme court shall have exclusive appellate jurisdiction in all cases involving ... the construction of the revenue laws of this state, ...

**3.** *See* §§ 137.385, 138.060 and 138.430, RSMo 1978.

collector was not excused, and that the proper procedure was to file suit and then to have it stayed until the Tax Commission proceedings and any judicial proceedings to review them should have terminated. In line with *Xerox* is *Adcor Realty v. State Tax Commission,* 627 S.W.2d 604 (Mo. banc 1982).

■ Our recent decision of *Westglen Village Associates v. Leachman, supra,* reaffirmed the procedure outlined in *Xerox* for challenging tax assessments in holding that valuation questions must be pursued through the State Tax Commission, even though the taxpayer's protest asserts unconstitutional discrimination or "overreaching." The circuit court's dismissal of the suit for failure to exhaust administrative remedies was affirmed.[4]

■ No special problem is presented in applying the above rule to the facts of the present case. The plaintiff taxpayers, in contrast to *Xerox,* where the suit against the collector was omitted, and *Westglen,* in which there was no resort to the State Tax Commission, complied with both conditions for preserving their claim. The petition in circuit court showed on its face that an application was pending before the Tax Commission. Any judgment in accordance with the prayer of the petition, then, would be premature, and this was apparent from its face. The trial court, pursuant to *Xerox,* should have stayed proceedings. A judgment entered under these circumstances is irregular.

The taxpayers argue, vigorously, that stays under *Xerox* are not automatic and that, in any event, a stay before answer is inappropriate. We conclude, nevertheless, that the default judgment should not have been entered. *Xerox* spoke in terms of "notice" by the taxpayer to the court of the pendency of the Tax Commission proceedings. Here the petition itself gave unequivocal notice. Even though it would have been better for the defendant to have taken appropriate steps to stay proceedings within the time for responding to the petition, the court should not have entered judgment on the petition before it. This accords with *Westglen,* which demonstrates the irregularity of any judgment on a petition making claims such as these taxpayers make, until the administrative proceedings are completed.

■ Rule 75.01 gives the trial judge very broad discretion as to the setting aside of a default judgment within 30 days of rendition, but this defendant must qualify under Rule 74.32, which allows up to three years for a motion to set aside but requires a showing of "irregularity." We need not indulge in deep analysis of the many cases which expound on the meaning of that term as used in Rule 74.32 and its statutory predecessors. Although a default judgment is not irregular simply because it is later determined that the petition does not state a claim on which relief could be granted,[5] there are numerous holdings that a judgment is irregular if the face of the record

---

4. There are exceptions to the requirement of resort to the tax protest procedures as was noted in *Westglen,* but these exceptions to compliance with both the administrative procedures and § 139.031 only apply where action by the taxing authority has effectively precluded the taxpayer from pursuing administrative remedies. *See, e.g., John Calvin Manor, Inc. v. Aylward,* 517 S.W.2d 59 (Mo.1974) (taxing authority failed to give notice of the increased assessment to the taxpayer, and a suit to recover taxes paid under protest under § 139.031 was not an adequate remedy); *Naegele Outdoor Advertising Company v. Kansas City,* 509 S.W.2d 128 (Mo.1974) (Taxpayer was excused from complying with administrative procedure

because the city assessor assessed the property at a higher value than the county later did, and the city tax had been paid in the meantime.)

5. *See, e.g., Hernandez v. Westoak Realty and Investment,* 549 S.W.2d 906 (Mo.App.1977), *appeal after remand,* 585 S.W.2d 548 (Mo.App. 1979); *Falcon Enterprises v. Precise Forms, Inc.,* 509 S.W.2d 170 (Mo.App.1974); *Korn v. Ray,* 434 S.W.2d 798 (Mo.App.1968). *But see Rook v. John F. Oliver Trucking Co.,* 505 S.W.2d 157 (Mo.App.1973), holding that a default judgment for wholly unwarranted attorneys' fees in a tort action, though in accord with the prayer of the petition, was nonetheless irregular within the compass of Rule 74.32.

shows that the judgment was prematurely entered.[6]

It is often said that an "irregularity" sufficient to warrant the setting aside of a default judgment must be such as to demonstrate

> ... a want of adherence to some prescribed rule or mode of procedure, ...

See Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1, 7 (1946), construing the statutory predecessor of Rule 74.32. This holding is reiterated in the recent cases.[7] Here the procedure was established in Xerox and fortified in Westglen. The record shows on its face that the approved procedure was not followed. The default judgment, then, was properly set aside under Rule 74.32.

The order appealed from is affirmed and the case is remanded for further proceedings consistent with this opinion.

RENDLEN, C.J., WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., and TURNAGE, Special Judge, concur.

BILLINGS, J., not sitting.

---

6. *Chenoweth v. LaMaster*, 342 S.W.2d 500 (Mo. App.1961), (rendition of a final judgment against a garnishee prior to the determination of the amount due from the garnishee to the judgment creditor and prior to giving the garnishee an opportunity to pay the amount, constituted a premature judgment to which a motion to set aside was applicable.); *Poindexter v. Marshall*, 193 S.W.2d 622 (Mo.App.1946) (judgment entered before the time for answering pleadings had expired was a premature judgment which constituted such an irregularity as to require the judgment to be set aside.); *Walkeen Lewis Millinery Co. v. Johnson*, 130 Mo. App. 325, 109 S.W. 847 (1908) (entry of judgment against a garnishee without a prior order for payment of funds to the sheriff or into the court was irregular because it awarded execution prematurely against the garnishee).

7. *See, e.g., State ex rel. Division of Family Services v. Oatsvall*, 612 S.W.2d 447 (Mo.App. 1981); *State ex rel. State Highway Commission v. Livingston*, 594 S.W.2d 651 (Mo.App.1980); *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157 (Mo.App.1973).