Andre **CHATMAN**, Respondent,

v.

**CIVIC CENTER CORPORATION**, Appellant.

No. 48212.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Daniel T. Rabbitt, St. Louis, for appellant.

Michael John Coleman, St. Louis, for respondent.

CRANDALL, Judge.

This is an appeal from a default judgment rendered in favor of plaintiff in his action for bodily injuries. We dismiss the appeal.

On April 25, 1983, plaintiff, Andre Chatman, brought an action against defendant, Civic Center Corporation, for damages arising out of bodily injuries that he sustained when he slipped and fell while working on defendant's property. On April 29, 1983, personal service was had on C.T. Corporation System, defendant's registered agent in Missouri. Defendant failed to respond, and plaintiff, pursuant to Rule 74.045, obtained an interlocutory judgment by default *nihil dicit* on August 31, 1983. On September 15, 1983, plaintiff waived a jury and the trial court held a hearing to determine damages in accordance with Rule 74.10. Judgment was entered for plaintiff for $100,000, the amount prayed for in plaintiff's petition.

On October 14, 1983, twenty-nine days after the entry of the judgment, defendant filed a motion in the trial court seeking in the alternative: (1) to set aside or vacate the judgment, (2) for a new trial, (3) for remittitur, and/or (4) a petition for review of the default judgment under Rule 74.15. The trial court held a hearing on the motion on October 28, 1983. The motion was denied on December 8, 1983. Defendant filed his notice of appeal on December 16, 1983.[1]

On appeal, defendant contends that the trial court erred in overruling defendant's motion because (1) plaintiff failed to state a claim upon which relief could be granted, (2) plaintiff was contributorily negligent as a matter of law, and (3) the judgment entered in the amount of $100,000 was excessive and not supported by evidence.

We first consider the procedural posture of this case.

 A default judgment is not appealable in the absence of a motion to set aside or vacate the judgment. *VonSmith v. VonSmith*, 666 S.W.2d 424 (Mo. banc 1984), *on retransfer*, 666 S.W.2d 426 (Mo. App.1984); *Wait v. Wait*, 669 S.W.2d 632 (Mo.App.1984). In this case the defendant filed a motion to set aside or vacate, or for a new trial, or for remittitur, but did so more than fifteen days but less than thirty days after the judgment was entered by the trial court. "If ... a motion to set aside judgment is filed within the fifteen days after judgment is entered, it may be treated as a motion for new trial; extending the time during which the court may act from thirty to ninety days." *State ex rel. Stoffer v. Moore*, 628 S.W.2d 637, 643 (Mo. banc 1982). "Such a motion made more than 15 days after judgment will not extend the trial court's jurisdiction beyond the 30 day period." *State ex rel. Campbell v. Anderson*, 536 S.W.2d 200, 202 (Mo.App. 1976). The fifteen-day requirement was not met in this case by the defendant, meaning the time in which the trial court could act was not extended as it would have been under Rule 81.05 if the motion had been timely filed. The motion here served "only as a suggestion to the trial court to exercise the powers conferred upon it by Rule 75.01 to vacate the judgment provided that power was exercised ... 30 days after the judgment entry." *Caldwell Paint Manufacturing Co. v. Lebeau*, 591 S.W.2d 1, 5 (Mo.App.1979). Since the trial court did not act within the time constraints of Rule 75.01, the judgment became final for purposes of appeal on the thirtieth day after its entry, October 15, 1983. The defendant then had ten days within which to file its notice of appeal. Rule 81.04. Defendant filed its notice of appeal on December 16, 1983.

Defendant places strong emphasis on *State ex rel. Brooks, etc. v. Gaertner*, 639

---

1. Defendant did not appeal the denial of his petition for review. Although there is mention in the parties' briefs of the applicability of a Rule 74.32 motion to this case, no such motion was filed in the trial court and therefore that issue is not presented in this appeal.

S.W.2d 848 (Mo.App.1982), where a judgment entered May 14, 1981, was not deemed final until August 17, 1981. However, this court so held because that date was when all issues between all parties had been finally resolved. Rule 74.08; *Sherrill v. Wilson*, 653 S.W.2d 661, 663 (Mo. banc 1983). In the present case there was only one defendant and all issues had been resolved.

■ We hold that although defendant had a right in this case to appeal from the default judgment, the notice of appeal was untimely filed. Defendant is therefore now precluded from a direct appeal from the judgment of the trial court.

In view of our holding, there is no need to address the substantive issues raised by the defendant. Defendant's appeal is dismissed.

DOWD, P.J., and CRIST, J., concur.