**In re the Marriage of Kertonnia ARNOLD, Respondent,**

**v.**

**Clarence C. ARNOLD, Appellant.**

**No. 48542.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1984.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 9, 1985.

Joel W. Case, Manchester, for appellant.

David Solomon Fischer, St. Louis, for respondent.

CRANDALL, Judge.

Husband appeals from the trial court's reentry of a default decree of dissolution. He alleges (1) the court did not have jurisdiction to reinstate the decree; and (2) the reinstatement of the decree was improper because (a) he received no notice of entry of the judgment as required under Rule 74.78, (b) he did not have an opportunity to be heard as required under Rule 75.01, and (c) the award of one hundred dollars per week maintenance to his wife was excessive. We dismiss the appeal.

We first review the procedural morass of this case. On October 20, 1983, an interlocutory default was granted on wife's petition for dissolution. On December 1, 1983, a default decree of dissolution was granted. Husband had not filed an answer to the petition.

On December 19, 1983, husband's attorney moved to set aside the default decree. The motion was granted and husband was granted ten days in which to file an answer.[1] Husband again failed to file a responsive pleading. On January 11, 1984, wife filed a motion to reinstate the December 1 decree, and this motion was granted on January 13, 1984, without notice to husband. On April 6, 1984, husband moved to set aside the January 13 judgment, citing Rules 75.01 and 74.78 as the basis for the motion. This motion was overruled on April 25, 1984. Husband filed his notice of appeal of the January 13 order on April 21, 1984, after having been granted leave to file a late notice by this court.

Husband's appeal is not properly before us. A default judgment is not appealable in the absence of a motion to set aside or vacate the judgment. *VonSmith v. VonSmith*, 666 S.W.2d 424 (Mo.banc 1984), *on retransfer*, 666 S.W.2d 426 (Mo. App.1984); *Wait v. Wait*, 669 S.W.2d 632

---

**1.** This motion was granted without notice to the wife, but we need not address the propriety of that ruling.

(Mo.App.1984). In *Chatman v. Civic Center Corp.*, 682 S.W.2d 31 (Mo.App.1984), this court held that a motion to set aside or vacate had to be filed within fifteen days after the judgment was entered to extend the trial court's jurisdiction past the thirty-day limit of Rule 75.01.

In the present case, the judgment being appealed is the default judgment entered on January 13, 1984. In *Schreier v. Schreier*, 625 S.W.2d 644 (Mo.App.1981), the trial court on October 23 had set aside a dissolution decree, then later issued an amended decree. The appeals court stated: "When the trial judge set aside the October 23 decree 'the case was again under submission, or, as sometime stated, restored to the breast of the court, in the same manner as though the judgment ... had never been entered.'" *Schreier*, 625 S.W.2d at 647, citing *Fletcher v. North British and Mercantile Ins. Co.*, 425 S.W.2d 159, 162 (Mo. banc 1968). In the present case, this rule would require a new timely motion to set aside after the court's January 13 action reentering the default decree. Husband filed no motion to set aside or vacate that judgment until April 16, 1984. He has not followed the requirements of *VonSmith* and *Chatman*, and therefore cannot appeal the January 13 judgment.

We note that husband's motion to set aside filed April 6 claimed lack of notice under Rule 74.78, which allows a motion attacking a judgment within six months of the judgment. Husband abandoned this method of attack on the judgment when he filed his notice of appeal of the January 13 judgment prior to getting a ruling from the trial court on his Rule 74.78 motion, with the notice of appeal referring only to the January 13 judgment and not the April 25 ruling. Rule 81.08(a); *In re Marriage of E.A.W.*, 573 S.W.2d 689 (Mo.App.1978). Assuming arguendo that the court's decision overruling this motion is before us, husband's point is without merit. Rule 74.-78, while requiring notice to parties of the entry of an order or judgment, states clearly that notice is required to a party "who is not in default for failure to appear." Husband was not only in default for failure to appear prior to the December 1, 1983 decree of dissolution, but more importantly for purposes of this issue was also in default for failing to file an answer to the petition within the ten days given him to do so after the decree was set aside on December 19, 1983. Notice to husband was not required regarding entry of the January 13 judgment.

The appeal is dismissed. *Wait*, 669 S.W.2d at 632.

DOWD, P.J., and CRIST, J., concur.