STATE of Missouri ex rel. Eulah S. DUNCAN, Relator,

v.

The Honorable William F. MAUER, Respondent.

No. WD 35812.

Missouri Court of Appeals, Western District.

Dec. 18, 1984.

Judith P. Rea (argued), Allen S. Russell, Kansas City, for respondent.

William A. Lewis, Lee's Summit, for respondent.

Before MANFORD, P.J., and KENNEDY and NUGENT, JJ.

PROCEEDING IN MANDAMUS

NUGENT, Judge.

Relator, Eulah S. Duncan, seeks a writ of mandamus commanding the respondent circuit judge to vacate his order setting aside a default decree of dissolution of her marriage to Russell S. Duncan which she, as petitioner, had obtained.

The underlying facts are not in dispute. Relator filed a petition for dissolution of marriage on November 10, 1983. Attached was an entry of appearance and waiver of issuance of summons signed by Mr. Duncan. At that time both parties were being represented and advised by the same attorney. On November 17, 1983, the attorney mailed a notice of hearing to Mr. Duncan. On December 12, 1983, the circuit court heard relator's case and in default of Mr. Duncan's answer and appearance and entered a decree of dissolution on December 14, 1983. On January 11, 1984, Mr. Duncan's newly employed independent legal counsel filed a motion to set aside the "interlocutory decree" of dissolution of marriage. On January 27, 1984, the respondent, Judge Mauer, sustained Mr. Duncan's motion. On January 30, Mrs. Duncan filed her motion to reconsider which was overruled on March 6. On March 12, Judge Mauer entered an order of clarification. Mrs. Duncan filed her petition for writ of mandamus with notice on April 5, and we issued our alternative writ of mandamus that day.

Mrs. Duncan, the relator, contends in support of her petition for a writ of mandamus that the December 14 decree of dissolution became final on January 13 and that the court had no jurisdiction on January 27 to set that decree aside. She also asserts that Rule 74.32 cannot be applied in this case to preserve the trial court's jurisdiction to set aside the decree beyond the thirty days after the entry of the decree because no nullifying irregularity appears on the face of the record. Finally, she denies that the December 14 decree was interlocutory, insisting that it was final.

First, however, we must answer respondent's question as to our jurisdiction. He argues that relator, Mrs. Duncan, failed to give the five day notice required by Rule 84.24, Missouri Rules of Civil Procedure, and, therefore, we acquired no jurisdiction to issue our preliminary or alternative writ.

Rule 84.24 provides that: "[b]efore such writ shall issue, the petitioner, or his attorney, shall give not less than five days' notice thereof to the adverse party or his attorney." The rule also allows the court to dispense with the notice. It provides that "[w]henever the required notice would, in the judgment of the court, defeat the purpose of the writ, it may be dispensed with."

Considering the probable merits of the petition, we accepted jurisdiction and issued our alternative writ without waiting the full five days. No fault can be laid at the feet of the relator. In any event, absent a showing of prejudice the point is moot since the respondent has had ample opportunity to be fully heard.

■ Turning to relator's first point: Did the trial court have jurisdiction on January 27 to set aside the December 14 decree? It did not.

Rule 75.01 provides in pertinent part as follows:

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party

. . . .

Rule 78.01 provides in its relevant parts that a court may grant a new trial of any issue upon a showing of good cause and that "[o]n a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment."

Rule 73.01(a)(3), however, requires one seeking after-trial relief to file a motion "[n]ot later than 15 days after the entry of judgment" in a bench-tried case.

■ Here, Mr. Duncan filed his motion to set aside the December 14 decree on January 11, twenty-eight days after its entry. A motion to set aside a decree or a motion for a new trial filed later than fifteen days after the entry of the decree is no more than a mere suggestion to the trial court that it exercise its discretion to set aside the decree within the thirty days the court normally retains jurisdiction over its judgments. *Chatman v. Civic Center Corporation*, 682 S.W.2d 31, 32 (Mo.Ct.App. E.D.1984); *Caldwell Paint Manufacturing Co. v. LeBeau*, 591 S.W.2d 1, 5 (Mo.App. 1979); *State ex rel. Campbell v. Anderson*, 536 S.W.2d 200, 202 (Mo.App.1976); Rule 75.01. *See also State ex rel. Stoffer v. Moore*, 628 S.W.2d 637, 643 (Mo.1982) (en banc). "Only a timely after-trial motion extends the trial court's jurisdiction beyond the thirty day limit. Rule 81.05." *Halmich v. McCullough*, 534 S.W.2d 842, 843 (Mo.App.1976).

Thus, Mr. Duncan's January 11 motion was in time only to invoke the trial court's discretion to set aside the decree on or before January 13, the thirtieth day. The trial court did not act before the thirty days expired, therefore, it lost jurisdiction to act and had no jurisdiction over the decree on January 27, the day on which it finally purported to set aside the decree.

Mr. Duncan contends, however, that the December 14 decree was not a final judgment but was interlocutory and that a motion to set aside such a default judgment is governed by Rule 74.045 et seq., and thus the jurisdiction of the trial court did not expire thirty days after entry of judgment. We cannot agree. In the first place, the decree was final, not interlocutory. Rule 74.045 provides that where a defendant fails to file his answer or other timely pleading, "an interlocutory judgment shall be given against him by default." Rule 74.05 provides, however, that such judgment may be set aside for good cause "at any time before the damages are assessed or final judgment rendered...." The trial court on December 14, 1983, was competent to hear all the evidence necessary to the entry of a final judgment. It did so, and nothing remained to be proved. The relator neither asked for nor was she granted an interlocutory order.[1] *See Young v. Smith*, 648 S.W.2d 916, 918 (Mo. App.1983).

Nevertheless, Mr. Duncan argues that this court's decision in *Diehl v. Diehl*, 630 S.W.2d 264 (Mo.App.1982), supports his position. Judge Mauer relied on *Diehl*. In his order of clarification he wrote, "The facts in the Diehl decision closely parallel those of this decision. While the court was concerned about the irregularity issue, the court has decided to follow the dictates of the most recent appellate decision in this matter."

The *Diehl* case appears to deal with a fact situation in which allegations of fraud were used in support of a motion by a defaulting respondent to set aside a default decree of dissolution. The *Diehl* decision, written by this writer, incorrectly holds at 625 that a motion to set aside a default judgment "is covered by Rule 74.045 et seq., which allows for the setting aside of the default judgment within three years after the final judgment is rendered. Rule 74.32. Thus, the trial court's jurisdiction did not expire after thirty days following the entry of judgment." That decision should not be followed.

Rule 74.32 provides as follows: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof." Respondent's only argument in favor of applying Rule

---

1. Prior to its amendment in 1977, § 452.320, R.S.Mo.1978, made provision for the entry of an interlocutory decree of dissolution and notice to the absent party giving that party ten days within which to object to a finding that the marriage was irretrievably broken. That provision has been removed from the statute. *Brown v. Brown*, 561 S.W.2d 374, 376–78 (Mo.App.1977).

74.32 in this case is that "it might be argued that an egregious award is in excess of the prayer of the petition ... so as to constitute an excess of jurisdiction or is an 'irregularity subject to review under Rule 74.32' *ABC Fireproof Warehouse Co. v. Clemans,* 658 S.W.2d 28 (Mo. banc, 1983)." He contends that the applicable rule governing motions to set aside is not Rule 78.01 but, citing *Diehl v. Diehl, supra,* is Rule 74.045, et seq.

Rule 78.01 provides in its pertinent parts as follows:

> The court may grant a new trial of any issue upon good cause shown.... On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment.

Rule 78.01 does not itself forgive the late filing of a motion to set aside. By the provisions of Rule 73.01(a)(3) Mr. Duncan was required to file his after-trial motion "[n]ot later than 15 days after the entry of judgment" in this bench-tried case. Having failed to meet that deadline, he was dependent upon the court's discretion to take action within the thirty days it retained control over the December 14 judgment. The court did not set aside the judgment within that thirty days ending on January 13. Thus, it lost its jurisdiction to set the decree aside, absent some irregularity sufficient to bring Rule 74.32 into play.

■ Mr. Duncan attempts to find an "irregularity." He claims that the trial court made an egregious award in excess of the prayer of the petition for dissolution of marriage so as to constitute an excess of jurisdiction or an irregularity under Rule 74.32. He relies on *ABC Fireproof Warehouse Co. v. Clemans,* 658 S.W.2d 28 (Mo. 1983) (en banc). In that case, the Supreme Court held at 30–32 that, where the petition showed on its face that an appeal of assessed valuations was pending before the tax commission, its en banc decisions in *Westglen Village Associates v. Leachman,* 654 S.W.2d 897 (Mo.1983), and *Xerox Cor-*

*poration v. Travers,* 529 S.W.2d 418 (Mo. 1975), required that the suit be stayed so that any judgment in accordance with the prayer of the petition would be premature and an irregularity on the face of the record within the meaning of Rule 74.32.

■ First, Relator in her petition for dissolution of marriage prayed the court to make an "equitable distribution of the marital property and the marital debts." "Equitable" does not mean equal and, therefore, an award that is other than precisely fifty-fifty is not necessarily an egregious award in excess of the prayer of the petition. *Calia v. Calia,* 624 S.W.2d 870, 872 (Mo.App.1981). The division of marital property in this case does not make a showing of irregularity on the face of the record as required by Rule 74.32. Second, Mr. Duncan's reliance on *ABC Fireproof Warehouse Co. v. Clemans, supra,* 658 S.W.2d 28, is misplaced in that a full reading establishes that an "irregularity" sufficient to warrant the setting aside of a default judgment must be such as to demonstrate a want of adherence to some prescribed rule or mode of procedure. *Id.* at 32. Moreover, to be considered an "irregularity" within the meaning of Rule 74.32, the matter complained of "must be such as would have prevented, if known, the rendition and entry of the judgment challenged [as] ... distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure." *O'Brien v. Johnson,* 636 S.W.2d 398 (Mo. App.1982), quoting at 399 from *Crabtree v. Aetna Life Ins. Co.,* 341 Mo. 1173, 111 S.W.2d 103, 106 (1937). No such failure appears in this case, and Rule 74.32 does not permit the introduction of extraneous evidence to invalidate an otherwise valid judgment. *Dewey v. Dewey,* 544 S.W.2d 857, 859 (Mo.App.1976).

■ Finally, Mr. Duncan valiantly tries to turn the argument his way by finding in Rule 75.01 a due process requirement in the latest amendment of the rule. He points out that by the amendment, effective January 1, 1981, the Supreme Court

added the clause "after giving the parties an opportunity to be heard and for good cause" to Rule 75.01. The amended sentence in the rule now reads: "The trial court retains control over judgments during the thirty-day period after entry of judgment giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

If a denial of due process occurred by reason of the court's failure to afford relator a hearing on Mr. Duncan's twenty-eighth-day motion, relator has not complained of it at any time. Moreover, Mr. Duncan's counsel apparently made no attempt on the twenty-eighth, twenty-ninth or thirtieth day to get the court to hear the motion at once as it could have done sometime on Wednesday, Thursday or Friday— January 11, 12 or 13. (The motion to set aside was filed at 4:19 p.m. on January 11.)

Mr. Duncan argues that *Caldwell Paint Manufacturing Co. v. LeBeau, supra,* at 591 S.W.2d 6, held that the court's power and jurisdiction to vacate its judgment under Rule 75.01 "is subject to the qualification that the party to be adversely affected be given reasonable notice and an opportunity to be heard...." The court there held that the trial court which set aside a default judgment lacked jurisdiction to enter an order setting aside the judgment because no notice of the motion to set aside was given to the party in whose favor the judgment had been entered.

Mr. Duncan interprets the *Caldwell* decision as an enunciation of a due process of law requirement that the court not set aside judgments within the thirty days after judgment absent notice and chance to be heard. Perhaps *Caldwell* is subject to that interpretation, but we need not decide that question because in this case the court did *not* set aside the judgment within thirty days of its entry. No notice is required unless the court intends to set aside a judgment within the thirty days. *Cf. State ex rel. Stoffer v. Moore, supra,* 628 S.W.2d at 643.

In any event, if the respondent erred in not setting the motion for hearing in the last two or three days of his jurisdiction over the judgment, by his own inaction counsel for Mr. Duncan invited that error and may not now complain of it. *Brassfield v. Sears,* 421 S.W.2d 321, 327 (Mo. 1967).

Thus, respondent Judge Mauer was without jurisdiction on January 27, 1984, to act upon the motion to set aside. Accordingly, we now issue our peremptory writ of mandamus and direct the respondent to set aside his orders of January 27, March 6, and April 5, 1984, and reinstate the decree of dissolution entered on December 14, 1983.

MANFORD and KENNEDY, JJ., concurs.